In the recent case of Moon-Hopkins Billing Machine Co. et al. v. Dalton Adding Machine Co. et al., —— C. C. A. ——, 236 Fed. 936, this court said:

"The right of a patentee to the mechanical equivalents of his structure or device is proportioned to the position of his invention in the art to which it relates. If the invention is a pioneer or primary one, his right is broad and comprehensive; if but for a slight improvement it is correspondingly narrow. Between the two extremes the measure of equivalents varies accordingly."

[3] We have examined the many patents introduced and are of the opinion that, owing to the state of the art at the time of complainant's patent, it was entitled to a comparatively limited scope of equivalents, and the defendant's book does not in this view infringe the patent of complainant, and the decree of the District Court, having been to the same effect, is affirmed.

---

COLUMBIA MACHINE & STOPPER CORP. v. ADRIANCE MACH. WORKS, Inc., et al.

SAME v. FERD. NEUMER, Inc.

(Circuit Court of Appeals, Second Circuit.  November 14, 1916.)

No. 13.

PATENTS ⬡328—INFRINGEMENT—BOTTLE CAPPING MACHINE.
   The Lawson patent, No. 1,095,406, for a bottle capping machine, *held* infringed by a modified structure built by defendants.

Appeals from the District Court of the United States for the Eastern District of New York.

Suits in equity by the Columbia Machine & Stopper Corporation against the Adriance Machine Works, Incorporated, and Benjamin Adriance and against Ferd. Neumer, Incorporated.  From orders granting supplemental injunction, defendants appeal.  Affirmed.

For former opinions, see (D. C.) 226 Fed. 203; 226 Fed. 455, 141 C. C. A. 198.

The following is the opinion of Veeder, District Judge, in the court below:

I have no doubt of the validity and propriety of the complainant's procedure under the circumstances.  After all, the issue must be determined by a comparison of the two mechanical structures.

In their altered machine the defendants employ, instead of a vertical shaft extending through the base for the purpose of rotating the bottle support, a shaft which is cut off above the base, but which is positively connected to an auxiliary shaft extending into the base for the purpose of rotating the bottle support, thereby performing the identical function which the lower part of the main shaft performed in the machine adjudged to be an infringement.  There has been no change in the manner in which the cam and concentric bottle support are rotated in the defendants' new machine.  The cam is secured to the main shaft, and the bottle support, which is concentric with the main shaft, is rotated through a gear near its periphery by the auxiliary shaft, which is geared to the main shaft and partakes of its motion.  The complain-

ant's combination has been held to be novel and meritorious, and as such entitled to a fair range of equivalents.

I am of opinion that this machine infringes claim 6 of the patent in suit, and the complainant's motion is granted.

Alfred C. Coxe, Jr., of New York City, and John W. Steward, of Paterson, N. J., for appellant Adriance Co.

Tomlinson, Coxe & Tomlinson, of New York City, for appellant Ferd. Neumer, Inc.

Henry D. Williams, of New York City, for appellee.

Before WARD and ROGERS, Circuit Judges, and MAYER, District Judge.

PER CURIAM.   Decrees affirmed.

---

OHMER FARE REGISTER CO. v. OHMER et al.

(Circuit Court of Appeals, Sixth Circuit.   December 15, 1916.)

No. 2857.

1. PATENTS ⬬328—INVENTION—OPERATING MEANS FOR FARE REGISTERS.
    The Ohmer and Tyler reissue patent, No. 11,911 (original No. 635,343), for mechanism for operating fare registers, claims 12 and 13, construed broadly, are void for lack of invention, in view of the prior art.

2. PATENTS ⬬17—INVENTION—SCOPE OF PATENT.
    In considering the scope of an invention, to determine whether the advance made amounts to invention or only mechanical skill, the question is one of fact, taking into account the entire prior art.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 16, 17; Dec. Dig. ⬬17.]

3. PATENTS ⬬328—VALIDITY AND INFRINGEMENT—FARE RECORDER.
    The Ohmer patent, No. 646,757, for a fare recorder, in view of the meritorious result obtained by the combination, marking a substantial advance in the art, discloses invention and is valid; also held infringed as to claims 4, 6, and 13, and not infringed as to claims 7 and 14.

4. PATENTS ⬬26(2)—COMBINATIONS—COMBINATION OR AGGREGATION.
    To constitute a combination, and not merely an aggregation, it is not necessary that all the constituents so enter into the combination as to coact all the time with all the others, or change the mode of connection with every other; but it is sufficient that the elements so coact that as a consequence of their union a new and useful result, and not a mere aggregation of several results, follows.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 29; Dec. Dig. ⬬26(2).]

5. PATENTS ⬬328—INFRINGEMENT—FARE REGISTER.
    The Ohmer, Tyler, and Breidenbach patent, No. 694,322, for a fare register, narrowly construed, as required by the prior time recorder art, held not infringed.

6. PATENTS ⬬56—PRIOR ART—ANALOGOUS ARTS.
    The time recorder art is analogous to the fare recorder art.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 89; Dec. Dig. ⬬56.]

---